**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4264**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UNIQUE SONDRE BRUNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:20-cr-00644-TLW-8)

_____

Submitted:  October 16, 2023                         Decided:  November 14, 2023

_____

Before NIEMEYER, THACKER, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Joshua S. Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Benjamin Neale Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Unique Sondre Brunson ("Appellant") appeals his conviction and 56 month sentence imposed following his guilty plea to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Appellant's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but questioning whether Appellant's guilty plea is valid and whether his sentence is reasonable.

Appellant was notified of his right to file a pro se supplemental brief, but he did not do so. The Government declined to file a response brief at that time. Upon review of the case pursuant to *Anders*, we ordered supplemental briefs from the parties to address specifically whether the district court erred when it found that Appellant made a credible threat to use violence and therefore applied a two level enhancement pursuant to United States Sentencing Guidelines ("Guidelines") § 2D1.1(b)(2).

Finding no reversible error, we affirm.

## I.

This case arises out of a lengthy investigation by federal and local law enforcement, including the Sumter County Sheriff's Office, into drug trafficking activity in Sumter County, South Carolina. During the course of the investigation, an undercover source conducted a controlled buy from Appellant on April 3, 2019. Over the course of the next ten months, officers conducted at least seven more controlled buys from Appellant.

The Sumter County Sheriff's Office executed a search warrant on February 19, 2020 at a house where Appellant was known to frequently sell drugs. Appellant fled from the

house but was quickly apprehended by Investigator Rosario. Appellant was placed in the front seat of Investigator Rosario's car where he saw a photograph of Investigator Rosario's son. Though the details are unclear, Appellant admits that he and Investigator Rosario were "going back and forth with each other," J.A. 98, and that Appellant "thought [he] saw a picture of [Rosario] up in his car, and I just started saying the name on the picture. Never was no threats or anything . . . I just keep calling the name out like on the ID that I saw," J.A. 99.[*]

As a result of the investigation, Appellant faced a host of state and federal charges. Relevant here, Appellant pled guilty in South Carolina state court to "Threatening Life, Person, or Family of Public Official, Teacher, Principal" in violation of South Carolina Code Section 16-3-1040(A), based on his threat to cause bodily harm or death to Investigator Rosario's son during the execution of the search warrant. As for his federal charges, Appellant pled guilty to count four of the Indictment against him -- possession with intent to distribute a quantity of cocaine base on April 3, 2019, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).

## II.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1);

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

*United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and not the result of threats, force, or promises outside the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a sufficient factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

As noted, Appellant now questions the validity of his guilty plea. Because Appellant did not seek to withdraw his guilty plea in the district court, we review the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, Appellant must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). In the guilty plea context, a defendant satisfies his burden to show that an error affected his substantial rights by establishing a reasonable probability that he would not have pled guilty but for the error. *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014).

Our review of the plea hearing reveals several omissions in the Rule 11 colloquy. *See* Fed. R. Crim. P. 11(b)(1)(E), (H), (L), (M), (N), (O). Nevertheless, the district court generally ensured that Appellant's plea was knowing, voluntary, and supported by an independent factual basis. And, significantly, nothing in the record suggests that, but for the errors in the plea colloquy, Appellant would have elected to proceed to trial. *See Sanya*, 774 F.3d at 816. We therefore conclude that Appellant's guilty plea is valid.

4

III.

Turning to Appellant's sentence, we review a sentence for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We first "ensure[] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 414 (2022).

In evaluating Guidelines calculations, "we review the [district] court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted). "The [G]overnment bears the burden of proving the facts supporting [a sentencing] enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015); *see United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (describing standard).

"If [we] find[] no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted). Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing

5

court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). We presume that a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020). Appellant can rebut that presumption only by demonstrating "that the sentence was unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (internal quotation marks omitted).

Our review of the record here reveals that the sentence is both procedurally and substantively reasonable. The district court resolved all disputed matters in the Presentence Investigation Report ("PSR") and made factual findings that are not clearly erroneous in light of the sentencing record as a whole. *See Steffen*, 741 F.3d at 415. Based on these findings, the district court calculated Appellant's Guidelines range.

As to § 2D1.1(b)(2) of the Guidelines, the PSR included the enhancement for making a credible threat of violence based on, among other facts, Appellant's guilty plea in state court to "threaten[ing] to cause bodily harm or death to the son of Investigator Rosario" in violation of South Carolina Code Section 16-3-1040(A).

Notably, Appellant did not object to the enhancement prior to the sentencing hearing but, when he took the stand, Appellant testified that he "never threatened him, but me and him, like, we was going back and forth with each other. I can say that. But I never threaten, never made no threats at all." J.A. 98. Later in the hearing, the district court asked, "Was there an objection to the threat or not in this case?" J.A. 171. Defense counsel responded, "Your honor, that's included," *id.*, but presented no further argument on the objection. The

district court overruled the objection based on the testimony of the Government's case agent that his investigation had shown that Appellant threatened Investigator Rosario's son. And the district court accepted the PSR which, again, included the undisputed fact of Appellant's conviction in state court for making the threat. Given these facts, we conclude that the district court did not clearly err in applying the two level enhancement.

The district court properly calculated the Guidelines range and provided a sufficient explanation for the sentence imposed, grounded in various relevant 18 U.S.C. § 3553(a) factors. Thus, we find no procedural error in the sentencing. Moreover, Appellant was sentenced to a within-Guidelines sentence of 56 months of imprisonment, and he fails to rebut the presumption of substantive reasonableness afforded his sentence. *See Gutierrez*, 963 F.3d at 344.

## IV.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We, therefore, affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

This court requires that counsel inform Appellant, in writing, of the right to petition the Supreme Court of the United States for further review. If Appellant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Appellant.

8

*AFFIRMED*